IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAVIGATE POWER LLC, | |
| Plaintiff, | |
| v. | No. 1:24-CV-05914 |
| NICK COFFMAN and ENERMARK CONSULTING, LLC, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR ENTRY OF CONDITIONAL JUDGMENT AGAINST DAVID COFFMAN AND WAKEFIELD ENERGY, LLC**

Plaintiff and Judgment Creditor Navigate Power LLC (the "Judgment Creditor"), by and through its undersigned counsel, states as follows for its Motion for Entry of Conditional Judgment (this "Motion") against Third-Party Citation Respondent David Coffman ("D. Coffman") and Wakefield Energy, LLC ("Wakefield"):

1. On January 13, 2025, the Court entered a money judgment in favor of Judgment Creditor and against Defendants and Judgment Debtors Nick Coffman and Enermark Consulting, LLC (the "Debtors") in the original principal amount of $879,186.82 (the "Judgment"). A true and correct copy of the Judgment is attached hereto and incorporated herein as **Exhibit A**.

2. The entire Judgment balance remains outstanding and unpaid.

3. On September 8, 2025, Judgment Creditor caused this Court to issue Third-Party Citations to Discover Assets to D. Coffman and to Wakefield concerning the assets of Debtor (the "Citations"). The return hearing date of the Citations was September 25, 2025. Judgment Creditor was unable to effectuate service. A true and correct copy of the affidavit of non-service is attached

1

hereto as **Exhibit B**. Based on information and belief, D. Coffman and Wakefield were avoiding service.

4. On October 17, 2025, Judgment Creditor caused this Court to issue Alias Third-Party Citations to Discover Assets to D. Coffman and Wakefield concerning the assets of Debtor (the "Alias Citations"). The return hearing date of the Alias Citations was November 3, 2025. Once again, Judgment Creditor was unable to effectuate service.

5. On November 7, 2025, Plaintiff caused this Court to issue Second Alias Third-Party Citations to Discover Assets to D. Coffman and Wakefield concerning the assets of Debtor (the "Second Alias Citations"). True and correct copies of the Second Alias Citations are attached hereto and incorporated herein as **Exhibit C**. The return hearing date of the Second Alias Citations was December 11, 2025.

6. As reflected in the Affidavit of Special Process Server attached hereto and incorporated herein as **Exhibit D**, D. Coffman and Wakefield were served with the Second Alias Citations on November 21, 2025.

7. D. Coffman and Wakefield's counsel (who has never filed any appearance in this matter) asked for an extension to respond to the Second Alias Citations on December 8, 2025.

8. The parties entered an Agreed Order ("Order") on December 11, 2025, which is attached hereto and incorporated herein as **Exhibit E**. The Order entered and continued the Second Alias Citations to January 14, 2026 and further ordered D. Coffman and Wakefield to produce *all* documents responsive to the Second Alias Citations on or before January 9, 2026. D. Coffman and Wakefield were also to contact Judgment Creditor's counsel to schedule citation examinations. D. Coffman and Wakefield have wholly failed to comply with their obligations under the Second Alias Citations and have further failed to comply with their obligations outlined in the Order.

9. Each of the Citations required the respondent to whom it was directed to do the following: (1) "A representative from the Respondent must fill out the attached Answer to Citation (included with Exhibit 1 to the Motions) and take the actions described in Section Four (4) below." (*See* Exhibit C.) Each of the Citations also required that each respondent appear in person at the court date noted therein. Section Four (4) of each of the Citations read:

> The Respondent must file the Answer on page 4 telling the Court about all accounts or safety deposit boxes that the debtor may have an ownership interest in or appears as a signatory. The Respondent must not transfer (sell, give away or get rid of) any property not exempt from the enforcement of a judgment. This prohibition shall remain in effect until further order of the court or termination of the proceeding. The Respondent is required to withhold double the unpaid amount listed below in paragraph 6. The Respondent is not required to withhold beyond double the unpaid amount listed below.
>
> THE RESPONDENT IS FURTHER COMMANDED to produce the documents described in the attached Rider no less than five (5) calendar days before the examination date to Daniel P. Jackson, Vedder Price P.C., at 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601 (djackson@vedderprice.com). THE RESPONDENT IS PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Debtors or to which the Debtors may be entitled or which may be acquired by or become due to the Debtors and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Debtors until further order of court or termination of the proceedings. The Respondent is not required to withhold the payment of any money beyond double the amount of the judgment. If the responsive account(s) consists solely of funds that can be identified as exempt under federal or state law, the Respondent is PROHIBITED from withholding the funds, and the Respondent must respond that the funds are exempt. Deposited funds that are exempt under federal and state law include Social Security Disability Insurance (SSDI) and Social Security Retirement Insurance (SSRI), Supplemental Security Income (SSI), veteran's benefits, public assistance benefits, unemployment compensation benefits, child support and/or circuit breaker property tax relief benefits.

(*Id.*)

10. To briefly summarize, the Second Alias Citations required D. Coffman and Wakefield to affirmatively do three (3) basic things: (1) fill out the Answer to Citation form and sign under penalty of perjury; (2) appear in court on the date noted; and (3) produce all documents

noted in the Second Alias Citations' Riders. D. Coffman and Wakefield have still not done any of those things.

11. *First*, D. Coffman and Wakefield failed to complete, sign and return the "Answer to Citation Proceedings" as required under applicable law and by the Second Alias Citations. This alone justifies entry of the relief request in the Motion. *See, e.g., In re Wasserman*, 2015 WL 8861107, at *2 (N.D. Ill. Dec. 16, 2015) (noting that where "an employer fails to respond to the proceeding, Illinois law provides relief directly against the employer. Section 807(a) states that, 'the court may enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor.'"); *XCEL Supply LLC v. Horowitz*, 2018 IL App (1st) 162986, at ¶ 8 (describing the trial court entering an order for a conditional judgment after the third party failed to appear and answer the citation issued to it).

12. *Second*, D. Coffman and Wakefield never appeared in Court as required by the Second Alias Citations and applicable law. This failure to appear in Court as required under law and by the Second Alias Citations also justifies entry of the relief requested in the Motions. *In re Wasserman*, 2015 WL 8861107, at *2; *XCEL Supply LLC*, 2018 IL App (1st) 162986, at ¶ 8.

13. *Third*, on January 12, 2026, D. Coffman produced only a small handful of documents. Wakefield (which Judgment Creditor believes may be a successor to Judgment Debtor Enermark Consulting, LLC) produced no documents. The halfhearted production of a few documents does not absolve D. Coffman of compliance with the Second Alias Citations. D. Coffman's threadbare production was limited to Wells Fargo bank statements from June 30, 2020, November 20, 2020, January 31, 2021, May 31, 2021, June 30, 2021, August 31, 2021, and August 31, 2022. The Citation specifies the "Relevant Period" for documents to be "from January 1, 2020

to the present," This paltry "production" is inexplicably missing several years of bank statements and much more.

14. Notably absent, among other things, were also any documents responsive to any of the following enumerated categories of documents on the riders: payments of money by any person to any of the Judgment Debtors, income and/or assets of any of the Judgment Debtors, or documents relating to employment, consulting, advisory, independent contractor, or retainer agreements between D. Coffman or Wakefield and any Judgment Debtor.[1] The production was inadequate and improper considering D. Coffman and Wakefield had nearly two (2) months to gather documents since service of the Second Alias Citations in November 2025.

15. Federal Rule of Civil Procedure 69 ("Rule 69") incorporates into federal law state post-judgment enforcement procedures. The incorporated state procedures in this district are Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, the state statutes and rules governing supplementary procedures. Thus, included within Rule 69 is the Court's authority to compel the production of documents in these supplemental citation proceedings to discover assets to apply to the Judgment. *See GE Betz, Inc. v. Zee Co.*, 718 F.3d 615 (7th Cir. 2013).

16. Pursuant to Rule 277(h), "[a]ny person who fails to obey a citation, subpoena, or order or other direction of the court issued pursuant to any provision of this rule may be punished for contempt." Ill. Sup. Ct. R. 277(h). Section 2-1402 permits a court to enter any order or judgment that could be entered in a garnishment proceeding. 735 ILCS 5/2-1402(k-3). Where a third party fails to respond to a garnishment summons, the creditor garnisher can request a

---

[1] It is beyond dispute that Judgment Debtor Nick Coffman worked with/for Enermark Consulting, LLC during the relevant time period and that David Coffman, his father, was/is an owner of Enermark Consulting, LLC.

conditional judgment against the garnishee. 735 ILCS 5/12-706. There is an abundance of case law that supports the uncontroversial proposition that a court may enter a conditional judgment when a third party fails to comply with a citation. *See, e.g., XCEL Supply LLC v. Horowitz*, 2018 IL App (1st) 162986, at ¶ 8 (2018) (describing the trial court entering an order for a conditional judgment after the third party failed to appear and answer the citation issued to it); *In the Matter of Osorio*, 2017 WL 1194450, at *6 (E.D. Wis. Mar. 30, 2017) (same).

17. Therefore, based on D. Coffman and Wakefield's failure and disregard for the Court's orders and time, and pursuant to, *inter alia*, 735 ILCS §§ 5/2-1402(c) and (k-3), 735 ILCS § 5/12-706 and Illinois Supreme Court Rule 277(h), Plaintiff is entitled to entry of a conditional judgment against D. Coffman and Wakefield. *See also Gov't Exples. Ins. Co. v. Hersey*, 397 Ill. App. 3d 551, 552–55; *In re Wasserman*, No. 15 B 24318, 2015 WL 8861107, at *1–3 (Bankr. N.D. Ill. Dec. 16, 2015); *Xcel Supply LLC v. Horowitz*, 2018 IL App (1st) 162986, ¶¶ 2 and 41; *Matter of Osorio*, No. 13-25522, 2017 WL 1194450, at *1 n.1 (Bankr. E.D. Wis. Mar. 30, 2017).

WHEREFORE, for the reasons stated herein, Judgment Creditor respectfully requests that this Court: (i) enter a conditional judgment against D. Coffman and Wakefield, substantially in the form of the Proposed Conditional Judgment; and (ii) grant Judgment Creditor any other and/or further relief which this Honorable Court deems appropriate and just.

        Respectfully submitted,

        NAVIGATE POWER LLC

        By:    <u>s/ *Daniel P. Jackson*</u>
                One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Jonathon P. Reinisch, Bar No. 6317528
Kathryn E. Pilling, Bar No. 6346212
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500


Dated:  February 5, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that true and correct copies of the foregoing document will be served on:

> David Coffman
> 1815 Wakefield Dr.
> Houston, TX 77018
>
> Wakefield Energy, LLC
> c/o David Coffman
> 1815 Wakefield Dr.
> Houston, TX 77018
>
> Arthur C. Washington
> Washington & Associates, P.C.
> 3730 Kirby Drive, Suite 1050
> Houston, Texas 77098

by depositing the same for FedEx overnight delivery, at 222 North LaSalle Street, Chicago, Illinois 60601 on or before January 22, 2026.

s/ <em>Daniel P. Jackson</em>